UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION - COLUMBUS

| | |
|---|---|
| MEGAN BARTHEL, <br> 40 Massey Drive <br> Westerville, Ohio 43081 <br><br> **Plaintiff,** <br><br> v. <br><br> **MOUNT CARMEL HEALTH SYSTEM,** <br> c/o CT Corporation System <br> 4400 Easton Commons Way, Suite 125 <br> Columbus, Ohio 43219 <br><br> and <br><br> **TRINITY HEALTH CORPORATION,** <br> c/o CT Corporation System <br> 4400 Easton Commons Way, Suite 125 <br> Columbus, Ohio 43219 <br><br> **Defendants.** | Case No. <br><br> Judge <br><br><br><br> **JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

Now comes Plaintiff Megan Barthel (hereafter "Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendant Mount Carmel Health System (hereafter "Defendant Mount Carmel") and Defendant Trinity Health Corporation (hereafter "Defendant Trinity") (collectively the "Defendants") states and avers as follows:

### THE PARTIES

1. Plaintiff is a resident of the State of Ohio, County of Franklin County.

2. Defendant Mount Carmel Health System is an Ohio corporation that operates as a hospital system in Columbus, Ohio and regularly conducts business in Franklin County, Ohio. Defendant Mount Carmel is a part Defendant Trinity's health system.

1

3. Defendant Trinity Health Corporation is an Indiana corporation duly licensed to do business in the State of Ohio and regularly conducts business in Franklin County, Ohio.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e, 28 U.S.C. § 1331, and Title 4112 of the Ohio Revised Code.

5. Venue is proper in the Southern District of Ohio Eastern Division because all actions took place within Franklin County, Ohio.

6. Plaintiff satisfied all pre-requisites for filing for lawsuit, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission (hereafter the "EEOC Notice"). A copy of the "EEOC Notice" is attached hereto as Exhibit A.

7. At all relevant times hereto, Defendant was Plaintiff's employer as the same has been defined by the Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e(d), and Ohio Title 4112

## FACTS COMMON TO ALL COUNTS

8. Plaintiff incorporates her allegations set forth above as if fully rewritten herein.

9. Plaintiff worked for Defendant as a Social Worker for twelve years.

10. As a Social Worker, Plaintiff worked closely with patients and medical professionals to collaborate and facilitate services for patients while admitted to the hospital and post discharge.

11. Plaintiff's supervisor was Kathy Ross.

12. In January 2024, Plaintiff was in the Emergency Room caring for a violent patient that had been restrained and medicated for five days because he posed a threat to himself and other staff members.

13. On Friday, January 5, 2024, the patient gained access to a restraint key after it was left by another staff member in direct visual and physical proximity to the patient. Staff members could not locate the restraint key and conducted an X-ray of the patient.

14. During the X-ray, Security was required to be present to physically restrain the patient. The key was found lodged in the patient's genitals and removed.

15. This incident occurred on a Friday evening and the Security Supervisor was not working. Plaintiff contacted her immediate supervisor to report the issue but her supervisor never showed up and Plaintiff did not receive a call back for over a week.

16. Plaintiff also notified the Emergency Department Charge Nurse and Emergency Room Clinical Manager, Ryan Foley, at the time of the incident. Foley instructed Plaintiff not to complete a MIDAS report and stated he would file one. Foley never filed a MIDAS report regarding the incident. The security staff also did not file a MIDAS report or alert administration.

17. In addition, Plaintiff notified the Emergency Department Manager, Suzie Coleman. Coleman did not address Plaintiff's safety concerns and dismissed Plaintiff's report.

18. After being dismissed by multiple staff members regarding the immediate safety concern this patient posed to himself and other staff members, Plaintiff escalated the issue to the patient's attending physician and the Emergency Room Medical Director. The attending physician and Medical Director admitted the patient but required him to remain in the Emergency Room for care because security was feet away as opposed to a floor where security was less present.

19. As the patient had gained access to a restraint key in the Emergency Room, the security risk had not been addressed. Plaintiff took a photo of the patient's X-Ray without any patient identifying information and shared it with security to address the lapse in protocols that had occurred and mitigate the risk the patient posed.

20. The photo was received by Officer Kevin Morgan, a male, in security who then sent the photo in a group text message to at least five other individuals. The five other individuals who received the photo were also male.

21. Defendant terminated Plaintiff's employment on February 16, 2024 for violating HIPPA by sharing the photo with security.

22. Officer Morgan received a written reprimand for sharing the photo five times with other individuals and was not terminated.

23. The additional five officers were not reprimanded or terminated for receiving or sharing the photo.

## COUNT I – VIOLATION OF PUBLIC POLICY

24. Plaintiff incorporates her allegations set forth above as if fully rewritten herein.

25. There is a clear public policy in Ohio which disallows violence between two individuals including the following criminal statutes: assault (Ohio R.C. § 2903.13), domestic violence (Ohio R.C. § 2919.25), stalking (Ohio R.C. § 2903.211), rape (Ohio R.C. § 2907.02), and self-defense (Ohio R.C. § 2901.05). In addition, the Occupational, Safety and Health Act ("OSHA") has made workplace violence a priority.

26. Employers are required under OSHA to identify workplace hazards and protect employees from recognized harm. Under the General Duty clause found in section 5(A)(1) of OSHA, each employer is required to "ensure each of its employees employment and place of employment are free from recognized hazards that are causing or likely to cause death or serious physical harm to employees."

27. Defendant had no policies and no procedures in place to prevent not only the physical harm which is prohibited by Ohio statute nor the comply with OHSA standards.

4

28. The Ohio public policies and statutes set forth above would be jeopardized if Plaintiff and others could be fired as a result of reporting criminal neglect, abuse, and staff shortages such as those witnessed and reported by the Plaintiff.

29. If private employers are allowed to terminate individuals for reporting the threats of violence and potential violence up to and including assault and death, without putting any policies in place to prevent the same, the criminal and civil statutes which prohibit such behavior and which charge employers with providing safe workplaces would be illusory.

30. Defendant discharged Plaintiff because she reported a violent patient that committed injury to himself and pose a security risk to other staff members. That discharge is directly related to public policies codified in Ohio statute as detailed herein.

31. Defendant lacked an overriding business specification or justification for terminating Plaintiff.

32. As a direct and proximate result of Defendant's intentional, willful, wanton, and malicious abuse of public policy, Plaintiff has been damaged no less than $25,000.00.

**COUNT II – SEX DISCRIMINATION TITLE VII & OHIO TITLE 4112**

33. Plaintiff hereby incorporates all of her allegations set forth in the preceding paragraphs as if fully rewritten herein.

34. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her gender, female.

35. Plaintiff is a member of a protected class, female, and was qualified for the position.

36. Defendant terminated Plaintiff for pre-textual reasons because of her gender, all in violation of 42 USC § 2000(e) and Ohio Title 4112.

37. By treating Plaintiff differently and otherwise discriminating against her on the

basis of her gender, Defendant committed unlawful employment practices within the meaning of 42 U.S.C. § 2000(e) in violation of Title VII of the Civil Rights Act of 1964, as amended and Ohio Title 4112.

38. As a direct and proximate result of Defendant's conduct in contravention of Title VII of the Civil Rights Act of 1964 and Ohio Title 4112 as set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be determined at trial

**WHEREFORE**, Plaintiff Megan Barthel prays that this Court award judgment against Defendant Mount Carmel Health System and Defendant Trinity Health Corporation on all counts for compensatory and punitive damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action altogether with such other relief as may be just, necessary, and proper.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., L.P.A.

/s/ Erica Ann Probst
Erica Ann Probst #0073486
Andrea L. Salvino #0097768
88 West Mound Street
Columbus, Ohio 43215
(614) 232-8692
(614) 469-7170 (fax)
Email: Erica@ksrlegal.com
ASalvino@ksrlegal.com

*Counsel for Plaintiff*

## **JURY TRIAL DEMANDED**

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

        KEMP, SCHAEFFER, & ROWE CO., L.P.A.

        /s/ Erica Ann Probst
        Erica Ann Probst #0073486
        Andrea L. Salvino #0097768
        88 West Mound Street
        Columbus, Ohio 43215
        (614) 232-8692
        (614) 469-7170 (fax)
        Email: Erica@ksrlegal.com
              ASalvino@ksrlegal.com

        *Counsel for Plaintiff*